# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL GONZALES,<br><br>    Plaintiff,<br><br>  v.<br><br>J. LEAL, et. al.,<br><br>    Defendants.<br>_____/ | CASE NO.  1:10-cv-02154-OWW-MJS (PC)<br><br>FINDINGS AND RECOMMENDATION DENYING PLAINTIFF'S MOTION TO REMAND<br><br>(ECF Nos. 7 and 8)<br><br>OBJECTIONS DUE SEPTEMBER 6, 2011 |

Plaintiff Michael Gonzales ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the instant action in Kings County Superior Court on August 17, 2010. (Notice of Removal at 1, ECF No. 2.) Defendants were served on or about October 18, 2010. (Id. at 2.) Defendants filed a Notice of Removal on November 17, 2010. (Id.) Plaintiff filed a Motion to Remand on December 6, 2010. (Mot., ECF No. 7.) Plaintiff also filed, soon thereafter, a set of Objections to Defendants' Notice of Removal. (Objections, ECF No. 8.) Defendants have not filed any opposition to Plaintiff's Motion to Remand. Plaintiff's Motion to Remand is now before the Court.

**I.    <u>REMOVAL TO FEDERAL COURT WAS PROPER</u>**

Plaintiff filed a Motion to Remand and Objections, contending that removal of his state law claims was improper insofar as he intended only to raise state law claims. (Mot.,

1  ECF No. 7; Objections, ECF No. 8.)

2      Plaintiff filed his Complaint in California state court on August 17, 2010.  (Notice of
3  Removal at 1, ECF No. 2.)  A copy of the Complaint without a summons was served on
4  Defendants Saunders, Leal, Cortez, Garcia, Hernandez, and Matta by the Kings County
5  Sheriff's Office, at Corcoran State Prison, on October 18, 2010.  (Id. at 2.)  On or about
6  November 10, 2010, documents were also served on the California Attorney General,
7  including a summons issued to Edmund G. Brown, Jr.  (Id.)  Defendant Brown is not listed
8  on Plaintiff's Complaint as a defendant.  (Id. Ex. A at 1.)  Defendants Saunders, Leal,
9  Cortez, Garcia, Hernandez, Matt, and Brown (collectively "Defendants") timely removed the
10  case to federal court on November 17, 2010.  (Id.)

11      The Complaint in this case reveals on its face that subject matter jurisdiction exists
12  in this court: Plaintiff alleges violation of his federal constitutional rights.  28 U.S.C. §§
13  1441, 1442.  A federal court has original jurisdiction "of all civil actions arising under the
14  Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A defendant may
15  remove any civil action brought in state court over which the federal court would have
16  original jurisdiction.  28 U.S.C. § 1441(a).

17      Plaintiff alleges federal constitutional violations in his Complaint. (Notice of Removal
18  Ex. A at 1.)  Though Plaintiff does not explicitly state so in his Complaint, such claims are
19  brought pursuant to 42 U.S.C. § 1983.  For example, Plaintiff states on the first page of his
20  Complaint that his rights under the First, Eighth, and Fourteenth Amendment have been
21  violated.  (*Id.*)  Although Plaintiff also refers to state laws, a federal court may exercise
22  supplemental jurisdiction over closely related state law claims.  See 28 U.S.C. § 1367(c).

23      Defendants properly and timely removed the action from state court within 30 days
24  of receiving notice of the filing of the action.  28 U.S.C. § 1446(b).  Accordingly, Plaintiff's
25  Motion to Remand and his corresponding Objections should be denied.

26  ///
27  ///
28

## V.     FINDINGS AND RECOMMENDATION

Accordingly, the undersigned hereby RECOMMENDS that Plaintiff's Motion to Remand and corresponding Objections (Mot., ECF No. 7; Objections, ECF No. 8.) be DENIED.

These Findings and Recommendation are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). No later than September 6, 2011, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    August 5, 2011              /s/ *Michael J. Seng*
                                               UNITED STATES MAGISTRATE JUDGE