1
2
3
4
5
6                       UNITED STATES DISTRICT COURT
7                       EASTERN DISTRICT OF CALIFORNIA
8
  MICHAEL GONZALES,                    CASE NO.    1:10-cv-02154-AWI-MJS (PC)
9
10              Plaintiff,             FINDINGS AND RECOMMENDATION FOR
                                       DISMISSAL OF PLAINTIFF'S COMPLAINT
11                                     FOR FAILURE TO STATE A CLAIM
        v.
12                                     (ECF No. 19)
13  J. LEAL, et. al.,                  OBJECTIONS DUE WITHIN FOURTEEN
                                       DAYS
14
                Defendants.
15
   _____/
16

17         Plaintiff Michael Gonzales ("Plaintiff") is a state prisoner proceeding pro se in this

18  civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the instant action in Kings

19  County Superior Court on August 17, 2010.  (Notice of Removal Ex. A at 1, ECF No. 2.)

20  Defendants were served on or about October 18, 2010.  (Notice of Removal at 2.)

21  Defendants filed a Notice of Removal on November 17, 2010.  (Id.)  Plaintiff filed a Motion

22  to Remand on December 6, 2010.  (Mot., ECF No. 7.)  Plaintiff also filed a set of

23  Objections to Defendants' Notice of Removal soon thereafter.  (Objections, ECF No. 8.)

24  The Court denied Plaintiff's Motion to Remand.  (ECF Nos. 9 & 12.)

25         The Court screened Plaintiff's original Complaint, and dismissed it for failure to state

26  a claim.  (ECF No. 10.)  Plaintiff filed a First Amended Complaint on September 22, 2011

27  (Compl., ECF No. 17.), and then  a Second Amended Complaint on January 9, 2012.

28  (Second Am. Compl., ECF No. 19.)  Plaintiff's Second Amended Complaint is now before

1  the Court for screening.

2  **I.    SCREENING REQUIREMENT**

3  The Court is required to screen complaints brought by prisoners seeking relief

4  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

5  § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has

6  raised claims that are legally "frivolous or malicious," that fail to state a claim upon which

7  relief may be granted, or that seek monetary relief from a defendant who is immune from

8  such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion

9  thereof, that may have been paid, the court shall dismiss the case at any time if the court

10  determines that . . . the action or appeal . . . fails to state a claim upon which relief may be

11  granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

12  A complaint must contain "a short and plain statement of the claim showing that the

13  pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are

14  not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by

15  mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949

16  (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set

17  forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its

18  face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  Facial plausibility

19  demands more than the mere possibility that a defendant committed misconduct and, while

20  factual allegations are accepted as true, legal conclusions are not. Id. at 1949-50.

21  **II.   PLAINTIFF'S CLAIMS**

22  Plaintiff is currently incarcerated at Corcoran State Prison and brings this action for

23  violation of his First Amendment right to petition the courts and his Fourteenth Amendment

24  right to due process.  Plaintiff names the following individuals as Defendants: J. Leal, G.

25  Hernandez, J. Garcia, and R. Cortez.

26  Plaintiff alleges as follows:

27  Plaintiff's incoming and outgoing mail has been interfered with by Defendants.  His

28  self-created artwork, poetry, books, and greeting cards, which he sells through the postal

1  service, have been confiscated by Defendants.  On March 20, 2010, Defendant Cortez
2  refused to deliver Plaintiff's excessive force claim against Defendant Cortez. (Second Am.
3  Compl. at 1.)  Defendant Cortez destroyed Plaintiff's claim and destroyed his mail.  On
4  June 28, 2010, Defendant Garcia destroyed letters Plaintiff had written to his daughter and
5  drawings Plaintiff meant to send to his family.  (Second Am. Compl. at 1-2.)  On June 30,
6  2010, Defendant Hernandez stole and destroyed Plaintiff's institutional mail, which
7  included a letter to Plaintiff's daughter and a letter to the prison law office in San Quentin.
8  (Id. at 3.)  On June 23, June 24, June 25, July 4, July 7, and July 10, 2010, Defendant
9  Cortez stole and destroyed Plaintiff's mail, including letters to his daughter, to the prison
10  law office, and other institutional mail. (Id.)  On May 20, 2010, Defendant Hernandez stole
11  and destroyed three novels Plaintiff had written when Plaintiff tried to send them to his
12  daughter.  (Id.)  On May 25, 2010, Defendant Hernandez stole Plaintiff's mail, which
13  included ten drawings and copies of his novels. (Id.)  Defendant Hernandez destroyed
14  Plaintiff's novels and gave the drawings to the inmates in the next door cell. (Id.)  On July
15  9, 2010, Defendant Cortez returned Plaintiff's mail, which Plaintiff had intended to send,
16  without any reason. (Id.)  On July 17, 2010, Defendant Cortez "strip celled" Plaintiff and
17  took his mailings, including drawings and letters to his daughter. (Id.)  Defendant Cortez
18  destroyed the mailings. (Id.)  These acts were all done in retaliation for  Plaintiff's efforts
19  to exercise his civil rights, and have occurred from 2006 to the present day.  (Id.)

20      Plaintiff has not requested any form of relief in his Second Amended Complaint.

21      Plaintiff includes citations to several cases to provide legal authority for his claims.
22  Plaintiff also refers to Gonzales v. Price, 07-cv-1391, another case he filed in this Court
23  with similar claims.  Findings and a recommendation that that case be dismissed because
24  barred by the doctrine of res judicata are pending.

25  **III.**  **ANALYSIS**

26      Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges,
27  or immunities secured by the Constitution and laws' of the United States."  Wilder v.
28  Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983

1   is not itself a source of substantive rights, but merely provides a method for vindicating
2   federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

3       To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that
4   a right secured by the Constitution or laws of the United States was violated, and (2) that
5   the alleged violation was committed by a person acting under the color of state law.  See
6   West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245
7   (9th Cir.1987).

8       **A.    Interference with Mail**

9       Plaintiff alleges that his due process rights under the Fourteenth Amendment have
10   been violated as a result of Defendants' interference with his mail.  These claims are
11   barred by the doctrine of *res judicata*.

12       1.    Standard

13       The doctrine of *res judicata* bars the re-litigation of claims previously decided on
14   their merits.  Headwaters, Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1051 (9th Cir. 2005).
15   Claim preclusion (*res judicata*) pertains to "the effect of a judgment in foreclosing litigation
16   of a matter that never has been litigated, because of a determination that it should have
17   been advanced in an earlier suit...."  Gospel Missions of America v. City of Los Angeles,
18   328 F.3d 548, 553 (9th Cir. 2003) (quoting Migra v. Warren City Sch. Dist. Bd. of Educ.,
19   465 U.S. 75, 77 n.1 (1984)); see Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708,
20   713 (9th Cir. 2001) ("Res judicata precludes the litigation of 'any claims that were raised
21   or could have been raised' in a previous lawsuit.").  "The elements necessary to establish
22   res judicata are: '(1) an identity of claims, (2) a final judgment on the merits, and (3) privity
23   between parties.'"  Headwaters, Inc., 399 F.3d at 1052 (quoting Tahoe-Sierra Pres.
24   Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.2d 1064, 1077 (9th Cir. 2003)).  "[I]f
25   a court is on notice that it has previously decided the issue presented, the court may
26   dismiss the action sua sponte, even though the defense has not been raised," Arizona v.
27   California, 530 U.S. 392, 416 (2000), provided that the parties have an opportunity to be
28   heard prior to dismissal, Headwaters, Inc., 399 F.3d at 1055.  Generally a person who is

1
2
3
4
5
6
7
8

not a party to an action is not entitled to the benefits of res judicata.  However, where "two parties are so closely aligned in interest that one is the virtual representative of the other, a claim by or against one will serve to bar the same claim by or against the other." Nordhorn v. Ladish Co., Inc., 9 F.3d 1402, 1405 (9th Cir. 1993).  "There is privity between officers of the same government so that a judgment in a suit between a party and a representative of the United States is res judicata in re-litigation of the same issue between that party and another officer of the government." Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 402-03 (1940).

9

       2.   Analysis

10

         a.   Identity of Claims

11
12
13
14

"Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." Western Sys., Inc. v. Ulloa, 958 F.2d 864, 871 (9th Cir. 1992).  In applying the transaction test, the Court examines the following criteria:

15
16
17

> (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts.

18
19
20
21
22
23
24
25
26
27

Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir. 1982).  "The last of these criteria is the most important." Id. at 1202.  Plaintiff filed a Second Amended Complaint on January 9, 2012, and alleging claims for violations of his First and Fourteenth Amendment rights against J. Leal, G. Hernandez, J. Garcia, and R. Cortez, all of whom appear to have been correctional officers at Corcoran State Prison.  (Second Am. Compl. at 1.)  Plaintiff's claims arise out of Defendants' alleged confiscation and/or destruction of his mail.  Plaintiff's alleges that Defendants have violated his Fourteenth Amendment right to due process by interfering with his mail, and that interference with his mail has "occurred from 2006 to the present day, by all defendants." (Id. at 3.)  Plaintiff has not asked for any damages in his Second Amended Complaint.

28

Prior to filing the Complaint in the instant case, Plaintiff filed Gonzales v. Fresura,

et al., 1:07-cv-00565.  In that action, Plaintiff  alleged that "Officers K. Frescura, Vikjord, Price, and Castro have completely stopped my personal mail, consisting of art drawings, poems, letters to my family from leaving the facility they have been doing

this since June of 2006 . . . For the past three weeks Officer Frescura and Vikjord have been denying me mail to the court.  Officer Frescura threatens never to mail by refusing to pick it up."  See Gonzales v. Fresura, et al., 1:07-cv-00565, ECF No. 1, at 5.  All of the defendants in this action also appear to be correctional officers at Corcoran State Prison. See id. at 2-3.

### b.      Final Judgment on the Merits

On December 15, 2008, the Court dismissed the complaint in Gonzales v. Fresura, et al., 1:07-cv-00565, providing Plaintiff with leave to amend or notify the Court of willingness to proceed on only the cognizable claims. (ECF No. 10.) On January 15, 2009, Plaintiff filed a motion for extension of time to amend his complaint.  (ECF No. 11.)  On January 22, 2009, the Court granted Plaintiff's motion for extension of time. Plaintiff failed to file an amended complaint or notify the Court of his willingness to proceed on only the cognizable claims, and on March 6, 2009, the Magistrate Judge issued Findings and Recommendations recommending that the action be dismissed for failure to state a claim upon which relief may be granted.  (ECF No. 13.)  Plaintiff did not file any objections, and on April 24, 2009, the District Judge adopted the Findings and Recommendations, dismissing the action with prejudice for failure to state a claim.  (ECF No. 14.)

The Court concludes that the instant case, 1:10-cv-02154, stems from the claims which were previously litigated against the defendants in 1:07-cv-00565. "Supreme Court precedent confirms that a dismissal for failure to state a claim under Rule 12(b)(6) is a 'judgment on the merits' to which *res judicata* applies.  Federated Dep't Stores v. Moitie, 452 U.S. 394, 399 n.3 (1981)."  Stewart v. U.S. Bancorp, 297 F.3d 953 (9th Cir. 2002).

### c.      Privity Between Parties

The Defendants in the current action, Gonzales v. Leal, et al., 1:10-cv-2154, were in privity with the defendants in Plaintiff's prior action, Gonzales v. Fresura, et al.,

1:07-cv-00565.  See Nordhorn, 9 F.3d at 1405; see also Sunshine Anthracite Coal Co.,

310 U.S. at 402-03; Adams v. California Dept. of Health Services, 487 F.3d 684, 691 (9th

Cir. 2007).  Plaintiff is at Corcoran State Prison, and was there when he filed the complaint

in this current action.  See Gonzales v. Leal, et al., 1:10-cv-2154.  All of the allegations

occurred at Corcoran State Prison, and all of the Defendants appear to be correctional

officers at Corcoran State Prison.  Id.  All of the allegations in Plaintiff's prior action also

occurred at Corcoran State Prison, and all of the defendants in that action also appear to

have been correctional officers at Corcoran State Prison.  See Gonzales v. Fresura, et al.,

1:07-cv-00565.

   **Plaintiff has filed twenty-five other civil suits** prior to the filing of this action, many

of which with allegations similar to those in the instant case.[1]  A prisoner's claims are

---

[1] Gonzales v. Rupert, 3:94-cv-03944 (N.D. Cal.) (voluntary dismissal); Gonzales v. Gomez, 3:95-cv-01368 (N.D. Cal.) (voluntary dismissal); Gonzales v. Cambra, 3:96-cv-01872 (N.D. Cal.) (dismissed without prejudice); Gonzales v. Cambra, 3:96-cv-02044 (N.D. Cal.) (dismissed for failure to exhaust); Gonzales v. Cambra, 3:96-cv-02164 (N.D. Cal.) (dismissed with prejudice as to excessive force; dismissed without prejudice as to ineffective assistance of counsel and restoration of time claims); Gonzales v. Cambra, 3:96-cv-02532 (N.D. Cal.) (dismissed for failure to exhaust); Gonzales v. Cambra, 3:96-cv-02654 (N.D. Cal.) (dismissed for failure to exhaust); Gonzales v. Cambra, 3:96-cv-03343 (N.D. Cal.) (dismissed after court granted defendants' motion for summary judgment); Gonzales v. Cambra, 3:97-cv-00761 (N.D. Cal.) (Westlaw citation: 1997 WL 168544) "Gonzales alleged his food has been tainted, his mail has been confiscated . . . These allegations are not new; they duplicate the allegations made in 96-2654 and 96-3343" (dismissed as duplicative with prejudice); Gonzales v. Galaza, 1:00-cv-06028 (E.D. Cal.) "Plaintiff sued sixty-three defendants claiming food poisoning, retaliation, and that he "never gets mail." ECF No. 26 (dismissed for failure to state a claim); Gonzales v. Galaza, 1:00-cv-06959 (E.D. Cal.) "Plaintiff alleges that prison twenty-six prison officials are medicating his food illegally and stealing his mail." ECF No. 18 (voluntary dismissal); Gonzales v. Calderon, 1:01-cv-05916 (E.D. Cal.) "Plaintiff alleged conspiracy, withheld mail, retaliation, involuntary medication, excessive force, stolen drawings against twenty-one defendants." ECF No. 9 (voluntary dismissal); Gonzales v. Tomlin, 1:03-cv-05277 (E.D. Cal.) (voluntary dismissal); Gonzales v. Recek, 1:03-cv-05278 (E.D. Cal.) (voluntary dismissal); Gonzales v. Recek, 1:03-cv-05279 (E.D. Cal.) (dismissed for failure to obey court order); Gonzales v. Tomlin, 1:03-cv-05363 (E.D. Cal.) "Plaintiff named thirty-three correctional officers from Corcoran with complaints of medicated meals, stolen mail and artwork, verbal harassment, and excessive force." ECF No. 31 (jury verdict for defense on only remaining cognizable claim of excessive force); Gonzales v. Lampien, 1:03-cv-06165 (E.D. Cal.) (dismissed for failure to obey court order); Gonzales v. Urena, 1:03-cv-06725 (E.D. Cal.) "Plaintiff alleged denial of meals in retaliation for filing lawsuits." ECF No. 12 (dismissed for failure to obey court order); Gonzales v. Gadsden, 1:04-cv-05491 (E.D. Cal.) (dismissed for failure to state a claim); Gonzales v. Yamat, 1:05-cv-00550 (E.D. Cal.) (dismissed for failure to obey court order and failure to state a claim); Gonzales v. Frescure, 1:06-cv-01357 (E.D. Cal.) "Plaintiff alleged denial of meals in retaliation for filing lawsuits." ECF No. 9 (dismissed for failure to prosecute); Gonzales v. Vikjord, 1:06-cv-01568 (E.D. Cal.) "Plaintiff alleged denial of showers." ECF No. 8 (dismissed for failure to state a claim); Gonzales v. Rodriguez, 1:06-cv-01792 (E.D. Cal.) (dismissed for failure to exhaust); Gonzales v. Fresura, 1:07-cv-00565 (E.D. Cal.) (dismissed for failure to state a claim); Gonzales v. Vikjord, 1:07-cv-00675 (E.D. Cal.) "Plaintiff alleged excessive force, denial of medical care, retaliation." ECF No. 8 (dismissed for failure to obey court order).

1   considered frivolous if it "merely repeats pending or previously litigated claims." See Cato

2   v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (quoting Bailey v. Johnson, 846

3   F.2d 1019, 1021 (5th Cir. 1988)).  Therefore, the Court finds that this Plaintiff's claim for

4   interference with his mail in this case, Gonzales v. Leal, et al., 1:107-cv-02154-AWI-GBC,

5   is barred by res judicata and is merely duplicative of the previously dismissed suit for

6   failure to state a claim (Gonzales v. Fresura, et al., 1:07-cv-00565-OWW-GSA).  Thus, this

7   claim is also frivolous.  See Cato, 70 F.3d at 1105 n.2.

8       **C.   Retaliation Claim**

9       It appears that Plaintiff is making a claim that Defendants are retaliating against him

10  for pursuing his constitutional rights, i.e., that Defendants Leal, Garcia, Hernandez, and

11  Cortez directed continued interference with his mail and unnamed Defendants medicated

12  his meals after Plaintiff filed a grievance for excessive force against Defendant Cortez on

13  March 20, 2010.

14      "Within the prison context, a viable claim of First Amendment retaliation entails five

15  basic elements: (1) An assertion that a state actor took some adverse action against an

16  inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled

17  the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably

18  advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th

19  Cir. 2005).

20      Plaintiff describes the adverse action as interference with his personal and legal

21  mail.  This action satisfy the first prong.

22      The second element of a prisoner retaliation claim focuses on causation and motive.

23  See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009).  A plaintiff must show that his

24  protected conduct was a "'substantial' or 'motivating' factor behind the defendant's

25  conduct." Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir.

26  1989).  Although it can be difficult to establish the motive or intent of the defendant, a

27  plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir.

28  2003) (finding that a prisoner established a triable issue of fact regarding prison officials'

1  retaliatory motives by raising issues of suspect timing, evidence, and statements); <u>Hines</u>
2  <u>v. Gomez</u>, 108 F.3d 265, 267-68 (9th Cir. 1997); <u>Pratt v. Rowland</u>, 65 F.3d 802, 808 (9th
3  Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory
4  intent").  Plaintiff relies on circumstantial evidence to plead that Defendants are interfering
5  with his outgoing mail in retaliation for his efforts to exercise his civil rights.  However,
6  Plaintiff contradicts himself by alleging that these activities have been occurring since
7  2006, even though the grievance that allegedly prompted them was only filed in 2010.  As
8  such, it appears that Plaintiff's grievance was not a substantial or motivating factor behind
9  Defendants' conduct.  As pleaded, Plaintiff has failed to establish causation and motive
10 sufficient to satisfy the second prong of his retaliation claim based on his allegations of
11 interference with his mail.

12       Filing a grievance is a protected action under the First Amendment.  Valandingham
13 v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989).  Pursuing a civil rights legal action is
14 also protected under the First Amendment.  Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir.
15 1985).  Plaintiff has alleged that he filed a grievance on March 20, 2010, and has satisfied
16 this prong.

17       With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape
18 liability for a First Amendment violation merely because an unusually determined plaintiff
19 persists in his protected activity...."  <u>Mendocino Envtl. Ctr. v. Mendocino County</u>, 192 F.3d
20 1283, 1300 (9th Cir. 1999).  The correct inquiry is to determine whether an official's acts
21 would chill or silence a person of ordinary firmness from future First Amendment activities.
22 <u>Rhodes</u>, 408 F.3d at 568-69 (citing <u>Mendocino Envtl. Ctr.</u>, 192 F.3d at 1300).  Plaintiff has
23 satisfied this prong for the interference with his mail, as having his mail confiscated,
24 destroyed and/or returned to him without mailing would chill a person of ordinary firmness
25 from future First Amendment activities.

26       With respect to the fifth prong, a prisoner must affirmatively allege that "'the prison
27 authorities' retaliatory action did not advance legitimate goals of the correctional institution

28

1    or was not tailored narrowly enough to achieve such goals." <u>Rizzo</u>, 778 F.2d at 532.

2    Though this is not a high burden, <u>see id</u>. (prisoner's allegations that search was arbitrary

3    and capricious sufficient to satisfy this inquiry), and Plaintiff appears to have met it because

4    the behavior he attributes to Defendants appears to be arbitrary and capricious.  Plaintiff

5    has alleged that Defendants seized and destroyed his mail in front of him, without any

6    explanation.  Plaintiff has satisfied the fifth prong of a retaliation claim.

7         Because Plaintiff has failed to allege sufficient facts to satisfy all five prongs of his

8    retaliation claim, the Court finds that he has failed to state a claim upon which relief could

9    be granted.

10   **IV.    CONCLUSION AND ORDER**

11        The Court finds that Plaintiff's Complaint fails to state a claim upon which relief may

12   be granted.  Plaintiff previously having taken the opportunity to amend his pleading and

13   having failed to state a cognizable claim despite the Court's outline of what would be

14   necessary, further amendment would be futile in this case.  For the reasons stated above,

15   the Court finds that Plaintiff's Complaint fails to set forth "sufficient factual matter, accepted

16   as true, to 'state a claim that is plausible on its face.'"  <u>Iqbal</u>, 129 S.Ct. at 1949 (quoting

17   <u>Twombly</u>, 550 U.S. at 555).

18        Accordingly, it is HEREBY RECOMMENDED that Plaintiff's Complaint be dismissed,

19   with prejudice, for failure to state a claim under § 1983 and as barred by the doctrine of res

20   judicata.  The Court also RECOMMENDS that Plaintiff not be given leave to amend.

21        These Findings and Recommendations are submitted to the United States District

22   Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within

23   fourteen (14) days after being served with these Findings and Recommendations, any

24   party may file written objections with the Court and serve a copy on all parties.  Such

25   document should be captioned "Objections to Magistrate Judge's Findings and

26   Recommendations."  Any reply to the objections shall be served and filed within ten days

27   after service of the objections.  The parties are advised that failure to file objections within

28

the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Y1st</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   February 27, 2012        /s/ *Michael J. Seng*

ci4d6                              UNITED STATES MAGISTRATE JUDGE

-11-